## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | |
| THURMAN P. BRYANT, III, and | : | **FILED UNDER SEAL** |
| BRYANT UNITED CAPITAL FUNDING, INC. | : | |
| | : | |
| Defendants, | : | |
| | : | |
| ARTHUR F. WAMMEL, | : | |
| WAMMEL GROUP, LLC | : | |
| THURMAN P. BRYANT, JR., | : | |
| CARLOS GOODSPEED a/k/a SEAN PHILLIPS | : | |
| d/b/a TOP AGENT ENTERTAINMENT d/b/a | : | |
| MR. TOP AGENT ENTERTAINMENT | : | |
| | : | |
| Relief Defendants. | : | |
| | : | |

## PLAINTIFF'S EMERGENCY *EX PARTE* MOTION TO TEMPORARILY SEAL DOCKET AND PROCEEDINGS AND BRIEF IN SUPPORT

In accordance with Local Rule CV-5(a)(7)(B), Plaintiff Securities and Exchange

Commission ("SEC") moves for an order temporarily sealing the docket, proceedings, pleadings,

and orders issued in this matter and all other filings herein until the earlier of 5:00 p.m. on May 31,

2017, the filing of executed returns of service or waiver of service forms as to the Defendants and

Relief Defendants, or notification from the SEC that one or more of the Defendants or Relief

Defendants have sufficient notice of these proceedings.

## MOTION TO SEAL

The SEC has good cause for making this request. The SEC is filing this case to stop an

ongoing fraud. The SEC is seeking—*ex parte* and on an emergency basis—a temporary

restraining order, preliminary injunction, asset freeze, and the appointment of a receiver to halt

ongoing violations of the law and protect the possibility of recovering investor funds obtained

illegally in a fraudulent securities scheme perpetrated by Defendants Thurman P. Bryant, III and

Bryant United Capital Funding, Inc. and involving Relief Defendants Arthur F. Wammel,

Wammel Group, LLC, and Carlos Goodspeed a/k/a Sean Phillips d/b/a Top Agent Entertainment

d/b/a Mr. Top Agent Entertainment.  As alleged in the Complaint and shown in the SEC's

Emergency Motion for Temporary Restraining Order and evidentiary Appendix, the Defendants

have been engaged in an ongoing fraud scheme since at least 2011.  By engaging in the

fraudulent conduct, Defendants violated, and are violating, and Relief Defendants have

unjustifiably benefitted from the violations of, multiple provisions of the federal securities

laws—including Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Section 10(b)

of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

[17 C.F.R. § 240.10b-5] thereunder.

    As the fraud is ongoing, and investors' funds may remain at risk of being

misappropriated, the SEC seeks emergency *ex parte* relief in this action to enjoin violations of

the federal securities laws, freeze assets, appoint a receiver, and obtain other equitable relief.

The SEC's past experience is that persons who violate the federal securities laws often dissipate

and waste investor assets when they are made aware of potential civil enforcement actions by the

SEC.  Such conduct makes it much more difficult, if not impossible, for the SEC to secure

appropriate relief in the public interest in its subsequent enforcement proceedings.  Based on this

experience, the SEC is concerned that the Defendants, once they become aware of this lawsuit,

will withdraw any remaining assets, transfer them to third parties, or otherwise seek to

improperly shield them.  For these reasons, the SEC has not notified the adverse parties of its

*SEC v. Thurman P. Bryant, III, et al.*                                    Page 2
Plaintiff's Emergency Ex Parte Motion to Temporarily
Seal Docket and Proceedings and Brief in Support

intention to seek the relief requested.

To aid in the marshaling and conserving of Defendants and Relief Defendants' assets and to aid in preserving the status quo, the SEC moves this Court for an order to temporarily seal the filing of this proceeding, the Complaint, and all other motions, briefs, appendices, orders, and other collateral papers filed in this matter until the earlier of (a) the filing of executed returns of service or waiver of service forms as to the Defendants and Relief Defendants; (b) the SEC filing a Notice of Status with the Clerk of Court, stating that one or more of the Defendants and Relief Defendants has learned of this proceeding, at which point continuation of a sealing order would be futile and would unnecessarily prevent potential victims from receiving notice and warning of the Defendants and Relief Defendants' scheme; or (c) if neither of the above has yet occurred, 5:00 p.m., May 31, 2017.

A seal under these circumstances is necessary and in the public interest for several reasons. In this era of widespread and instantaneous electronic information and internet access, and electronic filing of court documents, it is possible that the Defendants and Relief Defendants could learn of the Court's orders prior to being served. They could then take steps to frustrate the purpose of the orders, permanently damaging or altering the status quo. Sealing the files until Defendants and Relief Defendants may be found and served, or otherwise have notice of the proceeding—and until an appointed Receiver, if any, can take possession of Defendants' premises and assets—is an important measure to preserve the status quo until the Court can make an ultimate determination. This limited time period for sealing the Court's file will enable the Receiver and/or other authorized persons to physically arrive at the Defendants location(s) and serve them before they are able to flee or otherwise to evade service, dissipate assets, or destroy records.

*SEC* v. *Thurman P. Bryant, III, et al.*                                                                 Page 3
Plaintiff's Emergency Ex Parte Motion to Temporarily
Seal Docket and Proceedings and Brief in Support

## MEMORANDUM OF LAW

A court possesses inherent power to seal part or all of its records.  *See, e.g., United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (stating that court records "may be sealed if the right to access is outweighed by interests favoring non-disclosure").  In ruling on a motion for leave to file under seal, courts employ a balancing test, to determine whether the interests furthered by denying public access (*e.g.*, preventing unfair pretrial publicity, law enforcement purposes, or protecting privacy interests) outweigh the public's interest in inspecting judicial records.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  Here, the serious law enforcement interests implicated tip the scale heavily in favor of sealing this matter for the very limited period requested.  Accordingly, the SEC respectfully requests that all pleadings and orders in this matter be sealed until the earlier of one of the following occurring, at which pointed the Clerk shall be ordered to unseal the matter:

1. Executed returns of service or waivers of service as to one or more of the Defendants and Relief Defendants are filed;

2. The SEC files a Notice of Status stating that, because one or more of the defendants in the action have sufficient notice of this action, further sealing is unnecessary and the Clerk should unseal the matter, or

3. If neither of the above has yet occurred, the matter shall be unsealed as of 5:00 p.m., May 31, 2017.

## REQUEST FOR RELIEF

The SEC respectfully requests that, as provided in the proposed order filed herewith, the Court seal these proceedings, the pleadings, all orders, and all other motions and papers filed herein

*SEC v. Thurman P. Bryant, III, et al.*
Plaintiff's Emergency Ex Parte Motion to Temporarily
Seal Docket and Proceedings and Brief in Support

Page 4

until the earliest of (i) the filing of executed returns of service or waivers as to Defendants and

Relief Defendants, (ii) the filing of a notice of status, or (iii) 5 p.m. May 31, 2017.

May 15, 2017                                  Respectfully submitted,

                                              JASON REINSCH
                                              Texas Bar No.  24040120
                                              JESSICA B. MAGEE
                                              Texas Bar No. 24037757
                                              United States Securities and Exchange Commission
                                              Fort Worth Regional Office
                                              Burnett Plaza, Suite 1900
                                              801 Cherry Street, Unit #18
                                              Fort Worth, TX 76102-6882
                                              Ph: 817-900-2601 (jr)
                                              Fax: 917-978-4927
                                              *reinschj@sec.gov*

                                              ATTORNEYS FOR PLAINTIFF
                                              SECURITIES AND EXCHANGE COMMISSION

*SEC v. Thurman P. Bryant, III, et al.*
Plaintiff's Emergency Ex Parte Motion to Temporarily
Seal Docket and Proceedings and Brief in Support                                        Page 5