IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THURMAN P. BRYANT, III, and : <br> BRYANT UNITED CAPITAL FUNDING, INC. : <br> : <br> Defendants, : <br> : <br> ARTHUR F. WAMMEL, : <br> WAMMEL GROUP, LLC : <br> THURMAN P. BRYANT, JR., : <br> CARLOS GOODSPEED a/k/a SEAN PHILLIPS : <br> d/b/a TOP AGENT ENTERTAINMENT d/b/a : <br> MR. TOP AGENT ENTERTAINMENT, : <br> : <br> Relief Defendants. : <br> : | Civil Action No.: <br><br> FILED UNDER SEAL |

**EMERGENCY *EX PARTE* MOTION FOR
TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,
ASSET FREEZE, APPOINTMENT OF A RECEIVER,
DOCUMENT PRESERVATION ORDER, ORDER TO MAKE ACCOUNTING
AND OTHER EMERGENCY AND ANCILLARY RELIEF**

Plaintiff Securities and Exchange Commission ("SEC") files this emergency motion to halt on an ongoing fraudulent securities offering being carried out by Defendants Thurman P. Bryant, III and his company Bryant United Capital Funding, Inc., in which they have already enriched themselves and Relief Defendants including Arthur F. Wammel ("Wammel"), his company Wammel Group, LLC ("Wammel Group"), Carlos Goodspeed a/k/a Sean Phillips d/b/a Top Agent Entertainment d/b/a Mr. Top Agent ("Goodspeed"), and Bryant's father Thurman P. Bryant, Jr. ("Bryant, Jr."), nearly $23 million dollars through material misrepresentations,

omissions, and fraudulent acts and practices involving supposed investments in the short-term mortgage industry. For the reasons stated in the accompanying memorandum of law and evidentiary appendix in support of this motion, the SEC moves for the following relief.

**I.      Preliminary Injunction and *Ex Parte* Temporary Restraining Order**

The SEC moves the Court for an Order of Preliminary Injunction and, *ex parte*, a Temporary Restraining Order to restrain and enjoin, immediately and pending final adjudication on the merits, each Defendant from violating the anti-fraud provisions of the federal securities laws, specifically Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**II.     Asset Freeze over Bryant and BUCF**

For the purpose of effecting an asset freeze, the SEC further moves the Court *ex parte* for an order restraining and enjoining Defendants, along with their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from, directly or indirectly, making any payment or expenditure of funds, incurring any additional liability (including taking advances on any credit line or account), or effecting any sale, gift, hypothecation, or other disposition of any asset, without first proving to the Court that they possess and will retain sufficient funds or assets to satisfy all claims alleged in the SEC's Complaint or without first posting a bond or surety with the Court sufficient to assure payment of those claims or until further order of this Court.

To give effect to the requested asset freeze, the SEC moves the Court *ex parte* for an order (a) restraining and enjoining any bank, savings and loan association, trust company,

broker-dealer, or other financial or depository institution that holds an account in the name of or on behalf of the Defendants from engaging in any transaction in securities (except liquidating transactions) or any disbursements of funds or securities on behalf of the Defendants unless otherwise ordered by this Court and (b) directing such persons or entities to identify for SEC counsel and any Receiver appointed in this case all such accounts, including account number, and the nature an amount of all assets held in them.

**III.    Appointment of a Receiver Over Bryant and BUCF**

To ensure the eventual return of the assets at issue in this case to their rightful claimants, the SEC moves the Court *ex parte* to appoint a Receiver for the Defendants, granting the Receiver the powers necessary to marshal, possess, conserve, hold, manage, and, operate all assets in the possession, custody, ownership, or control of Bryant and BUCF, pending further order of the Court.

**IV.    Document-Preservation Order Over Bryant and BUCF**

The SEC further moves the Court *ex parte* for an order restraining and enjoining Defendants individually and jointly, and their officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, including any bank, securities broker-dealer, or any financial or depository institution, who receive actual notice of this order by personal service or otherwise, from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any books, records, or accounts owned by or pertaining to the financial transactions and assets of the Defendants or any persons or entities under their control unless otherwise ordered by this Court.

**V.    Interim Accounting By Bryant and BUCF**

The SEC further moves the Court *ex parte* for an order requiring Defendants to each provide an interim accounting, under oath, detailing (a) all monies and other benefits that that

Defendant received, directly and indirectly, as a result of the activities alleged in the Complaint, (b) all of that Defendant's assets wherever they may be located and by whomever they may be held, and (c) all accounts that that Defendant held during the period from January 1, 2010 through the date of the accounting.

## VI. Expedited Discovery

The SEC further moves the Court *ex parte* for issuance of an order authorizing expedited discovery as to all parties.

## VII. Alternative Service of Pleadings and Other Papers

The SEC further moves the Court *ex parte* for an order authorizing service of all pleadings and other papers, including the Summons, the Complaint, and court orders to be made personally, by facsimile, by email, by overnight courier, or by mail upon the Defendants and Relief Defendants, their agents, or their attorneys, by representatives of the SEC, the United States Marshal in any district in which a Defendant or Relief Defendant resides, transacts business, or may be found, any receiver appointed in this case, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

The SEC further moves the Court *ex parte* for an order authorizing service of the orders herein described on any bank, savings and loan association, trust company, broker, dealer, or other financial or depository institution, either by mail, email, or facsimile, as if such service were personal service on that bank, savings and loan association, trust company, broker-dealer, or other financial or depository institution.

## CONCLUSION

Based on the foregoing facts and for the reasons set forth in its accompanying

memorandum of law and evidentiary appendix submitted in support hereof, the SEC respectfully requests that the Count enter orders providing the relief requested.

May 15, 2017

Respectfully submitted,

JASON REINSCH
Texas Bar No. 24040120
JESSICA B. MAGEE
Texas Bar No. 24037757
United States Securities and Exchange Commission
Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
Ph: 817-900-2601 (jr)
Fax: 917-978-4927
reinschj@sec.gov

ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION