# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No.: |
| : | |
| **THURMAN P. BRYANT, III, and** : | **FILED UNDER SEAL** |
| **BRYANT UNITED CAPITAL FUNDING, INC.** : | |
| : | |
| Defendants, : | |
| : | |
| **ARTHUR F. WAMMEL,** : | |
| **WAMMEL GROUP, LLC** : | |
| **THURMAN P. BRYANT, JR.,** : | |
| **CARLOS GOODSPEED a/k/a SEAN PHILLIPS** : | |
| **d/b/a TOP AGENT ENTERTAINMENT d/b/a** : | |
| **MR. TOP AGENT ENTERTAINMENT,** : | |
| : | |
| Relief Defendants. : | |
| : | |

## *EX PARTE* ORDER GRANTING MOTION FOR
## TEMPORARY RESTRAINING ORDER PRELIMINARY INJUNCTION,
## ASSET FREEZE, APPOINTMENT OF A RECEIVER, DOCUMENT PRESERVATION
## ORDER, ORDER TO MAKE ACCOUNTING AND OTHER
## EMERGENCY RELIEF, AND SETTING HEARING DATE ON PLAINTIFF'S
## PRELIMINARY-INJUNCTION MOTION

This matter came before the Court this _____ day of May, 2017 on motion of the Securities and Exchange Commission ("SEC"), for the issuance of an order granting, *ex parte*, certain emergency relief.

The SEC seeks orders: (1) temporarily restraining and preliminarily enjoining Defendants Thurman P. Bryant, III and Bryant United Capital Funding, Inc. (collectively "Defendants") from violating the antifraud provisions of the federal securities laws; (2) freezing the assets of Defendants; (3) prohibiting Defendants from moving, altering, or destroying books, records, and

accounts; (4) requiring Defendants each to provide sworn accountings; (5) authorizing expedited discovery; and (6) providing for alternative service of pleadings and other papers.  Having considered the SEC's Complaint, motion, supporting memorandum, declarations, and exhibits thereto, and the argument of counsel, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over the Defendants and Relief Defendants, and the SEC is a proper party to bring this action seeking the relief sought in its Complaint and in its motion.

2. There is good cause to believe that each Defendant has engaged, is engaged, and, unless enjoined, will continue to engage, in acts and practices that constitute and will constitute violations of Sections 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3. There is good cause to believe that Defendants used improper and unlawful means to obtain investor funds and assets and that they inappropriately transferred investor funds to Relief Defendants, and there is also good cause to believe that investor funds and assets obtained and distributed by Defendants, as described in the SEC's Complaint, have been commingled and misapplied and will be misappropriated, hidden, wasted, or otherwise used to the detriment of investors.  Furthermore, there is good cause to believe that Defendants do not have sufficient funds or assets to satisfy the relief that might be ordered in this action.

4. There is good cause to believe that requiring notice to the Defendants of the SEC's motion for this Order would result in immediate and irreparable injury, loss, or damage to the SEC and to investors.

5.  There is good cause to believe that it is necessary to preserve and maintain Defendants' business records from destruction.

6.  There is good cause to believe that it is necessary to identify quickly all assets in the possession or control of Defendants.

7.  An accounting by each of the Defendants is appropriate to determine the location and disposition of investor funds obtained and distributed or spent by Defendants, and to ascertain the total assets that should continue to be frozen.

8.  Expedited discovery is appropriate in this action to permit a prompt and fair hearing on the SEC's Motion for Preliminary Injunction.

9.  This proceeding is one in which the SEC seeks a preliminary injunction.

10. The timing restrictions of Fed. R. Civ. P. 26(d) and (f), 30(a)(2)(C) and 34 do not apply to this proceeding in light of the SEC's requested relief and its demonstration of good cause.

## IT IS THEREFORE ORDERED:

### I.  Temporary Restraining Order

11. Defendants, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, knowingly or recklessly:

   a. employing a device, scheme, or artifice to defraud;

   b. making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under

    which they were made, not misleading; or

  c. engaging in an act, practice, or course of business which operates or would operate as a fraud or deceit upon a person; or

  d. employing any manipulative or deceptive device or contrivance in contravention of a rule or regulation proscribed by the SEC.

[Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5(a) and (c)]].

  14. Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from in the offer or sale of securities, by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, knowingly, recklessly, or negligently

    a. employing any device, scheme, or artifice to defraud;

    b. obtaining money or property by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. engaging in any transactions, practices, or courses of business which operate or would operate as a fraud or deceit upon any purchaser or prospective purchaser.

[Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]]

**II.    Asset Freeze Order**

15.    Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, incurring any additional liability (including, specifically, by advances on any line of credit and any charges on any credit card), or effecting any sale, gift, hypothecation or other disposition of any asset, pending provision of sufficient proof to the Court of sufficient funds or assets to satisfy all claims alleged in the SEC's Complaint, or the posting of a bond or surety sufficient to assure payment of any such claim.  Further, any bank, trust company, broker-dealer, depository institution, entity, or individual holding accounts or assets for or on behalf of any of the Defendants shall make no transactions in assets or securities (excepting liquidating necessary as to wasting assets) and no disbursement of assets or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including, specifically, any check, draft, or cashier's check) purchased by or for the Defendants, unless otherwise ordered by this Court.

16.    The SEC may cause a copy of this Order to be served on any bank, trust company, broker-dealer, depository institution, entity, or individual either by United States mail, email, or facsimile as if such service were personal service, to restrain and enjoin any such institution, entity, or individual from disbursing assets, directly or indirectly, to or on behalf of Defendants, or any companies or persons or entities under their control.

17.    Further, any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of Defendants shall make no transactions in securities (excepting liquidating transactions necessary to prevent wasting of assets) and no disbursements

of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for Defendants pending further order of this Court.

18. All other individuals, corporations, partnerships, limited liability companies and other artificial entities are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from Defendants without adequate consideration.

19. All banks, savings and loan associations, savings banks, trust companies, broker dealers, commodities dealers, investment companies, other financial or depository institutions and investment companies, individuals, corporations, partnerships, limited liability companies or other artificial entities that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendants' funds, securities or other property at any time since January 1, 2010 shall:

> A. Prohibit them and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' Assets, except as directed by further Order of the Court;
>
> B. Deny them and all other persons access to any safe deposit box that is: (i) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; or (ii) otherwise subject to access by Defendants;
>
> C. Provide counsel for the Commission, or any Receiver appointed in this matter, within five (5) business days of receiving a copy of this Order, a statement setting forth: (i) the identification number of each and every

*SEC v. Bryant, et al.*  Page **6** of **11**
TRO

account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly;

(ii) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (iii) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, or is otherwise subject to access by Defendants; and

D.   Upon request by the Commission, or any Receiver appointed in this matter, promptly provide the Commission and the Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

### III.   Document Preservation Order

20.   Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained an enjoined from destroying, removing, mutilating, altering,

concealing or disposing of, in any manner, any of their books and records or any documents relating in any manner to the matters set forth in the SEC's Complaint, or the books and records of any entities under their control, unless otherwise ordered by this Court.

## IV. Order to Provide Sworn Accounting

21. Defendants are each ordered to provide an interim accounting, under oath, detailing (1) all monies and other benefits which each received, directly and indirectly, as a result of the activities alleged in the Complaint or thereafter transferred (including the date on which the monies or other benefit was received and the name, address and telephone number of the person paying the money or providing the benefit), (2) all monies and other assets received, directly or indirectly, from Defendants or Defendants' investors; (3) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings) and (4) listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of or for the benefit of the any Defendant in this proceeding (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2010 through the date of the accounting.

22. Each accounting shall be sufficient to permit a full understanding of the flow of funds to the party making the accounting from the investors of Bryant United Capital Funding, Inc. and to their present location to the extent known or within the party's power to learn. The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be delivered by facsimile or overnight courier to Jason Reinsch; Securities and Exchange Commission; Burnett Plaza, Suite 1900; 801 Cherry Street, Unit 18; Fort Worth, Texas 76102 by the deadline set forth above.

## V. Order Authorizing Expedited Discovery

23. Expedited discovery may take place consistent with the following:

A. Any party may notice and conduct depositions upon oral examination and may request production of documents or other things for inspection and or copying from Defendants prior to the expiration of thirty (30) days after service of the Complaint.

B. Parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas unless the person designated to provide testimony or to produce documents or things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena and/or to do so at a place other than one at which testimony or production can be compelled.

C. Parties may may notice and conduct depositions upon oral examination subject to minimum notice of 72 hours.

D. Parties shall produce for inspection and copying all documents and things that are requested within 72 hours of service of a written request for those documents and things.

E. Parties shall serve written responses to requests for discovery. Discovery responses, and the interim accountings to be provided by Defendants, shall be sent to the Plaintiff SEC addressed as follows:

United States Securities and Exchange Commission
Fort Worth Regional Office
Attention: Jason Reinsch
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882

>           ReinschJ@SEC.gov
>           Telephone: (817) 900-2601

24.     The SEC's responses shall be sent to the parties at such address(es) as may be designated by them in writing.  Such delivery shall be made by the most expeditious means available, including by email and facsimile machine.

## VI.     Service

25.     The United States Marshal in any district in which any Defendant or Relief Defendant resides, transacts business, or may be found, representatives of the SEC, or any receiver appointed in this case, is hereby authorized and directed to make service of process at the request of the SEC.  Furthermore, the SEC is permitted to effect service of all pleadings and other papers, including the Summons, the Complaint, and court orders, by facsimile, by overnight courier, or by mail upon Defendants or Relief Defendants and their agents or their attorneys or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## VII.    Expiration of Temporary Restraining and Other Emergency Orders and Order to Show Cause.

26.     Unless extended by agreement of the parties, the portion of this order that constitutes a temporary restraining order shall expire at _____.m. on May ___, 2017, or such later date as may be ordered by the Court.  All other provisions of the orders issued herein, including the asset freeze, shall remain in full force and effect until specifically modified by further order of this Court.

27.     Defendants shall appear before this Court at the United States District Courthouse, 101 E. Pecan Street, Sherman, Texas 75090 at ___, __.m. on _____, 2017 or as soon thereafter as they can be heard, and in any event prior to the expiration of the orders issued herein, to show cause, if any, why this Court should not enter a preliminary injunction extending the asset

freeze and other relief granted in this Order until a final adjudication on the merits may be had. Defendants shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Commission's counsel, Jason Reinsch, Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, fax number (817) 978-4927, no later than five full business days before such hearing. The Commission may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply brief, if any, on Defendants or their attorneys by facsimile transmission, courier service, email, or such other means as the Commission may reasonably determine will give them or their attorneys prompt delivery of these papers. Pursuant to Rule 43(e) of the Federal Rules of Civil Procedure, the Court, in determining whether Defendants should be preliminarily enjoined, may consider affidavits, declarations and exhibits.

IT IS SO ORDERED.