**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**<br><br>Plaintiff,<br><br>v.<br><br>**THURMAN P. BRYANT, III, and<br>BRYANT UNITED CAPITAL FUNDING, INC.**<br><br>Defendants,<br><br>**ARTHUR F. WAMMEL,<br>WAMMEL GROUP, LLC<br>THURMAN P. BRYANT, JR.,<br>CARLOS GOODSPEED a/k/a SEAN PHILLIPS<br>d/b/a TOP AGENT ENTERTAINMENT d/b/a<br>MR. TOP AGENT ENTERTAINMENT,**<br><br>Relief Defendants. | Civil Action No.: 4:17cv336<br><br>**FILED UNDER SEAL** |

*EX PARTE* **ORDER GRANTING RECEIVER'S** *EX PARTE* **EMERGENCY MOTION TO
EXPAND THE RECEIVERSHIP AND ASSET FREEZE AGAINST THE
WAMMEL DEFENDANTS, FOR TEMPORARY RESTRAINING ORDER,
<u>AND FOR PRELIMINARY INJUNCTION</u>**

This matter came before the Court this 19th day of July, 2017, on motion of Jennifer Ecklund, the Court-appointed Receiver (the "**Receiver**") for issuance of an order granting *Ex Parte Motion to Expand the Receivership and Asset Freeze Against the Wammel Defendants, for Temporary Restraining Order, and for Preliminary Injunction and Brief in Support* (the "**Motion**") relief (Dkt. #44):

The Receiver seeks orders: (1) amending and expanding the Order Appointing Receiver (Dkt. #17) to include Arthur F. Wammel ("**Wammel**"), Wammel Group Holdings Partnership ("**WGHP**"), and Wammel Group, LLC (the "**Wammel Group**" together with Wammel and WGHP, the "**Wammel Defendants**"); (2) freezing the assets of the Wammel Defendants; and

(3) temporarily restraining and preliminarily enjoining the Wammel Defendants from further violating the Receivership Order and pursuant thereto. Having considered the Receiver's Motion, supporting memorandum, declarations, and exhibits thereto, and the argument of counsel, the Court finds:

1. The Court has jurisdiction over the subject matter of this action and over the Defendants and Relief Defendants, and the Receiver is a proper party to bring this action seeking the relief sought in the Motion.

2. There is good cause to believe that the Wammel Defendants (1) participated in the fraud with the Receivership Defendants, and (2) are affiliated with the Receivership Defendants.

3. There is good cause to believe that without the temporary relief requested the Receivership Estate will be irreparably harmed by the continuing evaporation of assets, destruction of evidence, and further violation of the Receivership Order.

4. There is good cause to believe that requiring notice to the Wammel Defendants of the Receiver's motion for this Order would result in immediate and irreparable injury, loss, or damage to the investors.

5. This proceeding is one in which the Receiver seeks a preliminary injunction.

6. The timing restrictions of Fed. R. Civ. P. 26(d) and (f), 30(a)(2)(C) and 34 do not apply to this proceeding in light of the Receiver's requested relief and its demonstration of good cause.

**IT IS THEREFORE ORDERED:**

7. The Motion is GRANTED.

8. The receivership and asset freeze are expanded to include the Wammel Defendants.

9. The Wammel Defendants are further temporarily restrained and preliminarily enjoined from further violating the Receivership Order and pursuant thereto.

10. The Court's Order Appointing Receiver dated May 15, 2017 is amended and expanded in all respects to include the Wammel Defendants, as set forth in the Amended Order Appointing Receiver (Dkt. #48), as if the Wammel Defendants were included among the original entities over which the Receiver was appointed. The Amended Order Appointing Receiver shall apply with equal force and effect to the Wammel Defendants as it applies to the original Defendants. The terms, orders, and provisions of the Amended Order Appointing Receiver are incorporated herein by reference as to the Wammel Defendants.

11. Unless extended by agreement of the parties, the portion of this order that constitutes a temporary restraining order shall expire at **5:00 p.m. on August 2, 2017**, or such later date as may be ordered by the Court. All other provisions of the orders issued herein, including the asset freeze, shall remain in full force and effect until specifically modified by further order of the Court.

12. The Wammel Defendants shall appear before the Court at the Paul Brown U. S. Courthouse, 101 E. Pecan Street, Sherman, Texas 75090 at **9:00 a.m. on August 2, 2017**, or as soon thereafter as they can be heard, and in any event prior to the expiration of the orders issued herein, to show cause, if any, why the Court should not enter a preliminary injunction extending the relief granted in this Order until a final adjudication on the merits may be had. The Wammel Defendants shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Receiver's Counsel, Timothy Hudson, no later than five full business days before such hearing. The Receiver may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply brief, if any, on the Wammel Defendants

or their attorneys by facsimile transmission, courier service, email, or such other means as the Receiver may reasonably determine will give them or their attorneys prompt delivery of these papers. Pursuant to Rule 43(e) of the Federal Rules of Civil Procedure, the Court, in determining whether the Wammel Defendants should be preliminarily enjoined, may consider affidavits, declarations and exhibits.

**IT IS SO ORDERED.**

**Signed at 2:33 p.m. on this 19th day of July, 2017.**

_____
AMOS L. MAZZANT, III
UNITED STATES DISTRICT JUDGE