IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No.: 4:17-cv-00336-ALM |
| : | |
| **THURMAN P. BRYANT, III, and** : | |
| **BRYANT UNITED CAPITAL FUNDING, INC.** : | |
| : | |
| Defendants, : | |
| : | |
| **ARTHUR F. WAMMEL,** : | |
| **WAMMEL GROUP, LLC** : | |
| **THURMAN P. BRYANT, JR.,** : | |
| **CARLOS GOODSPEED a/k/a SEAN PHILLIPS** : | |
| **d/b/a TOP AGENT ENTERTAINMENT d/b/a** : | |
| **MR. TOP AGENT ENTERTAINMENT** : | |
| : | |
| Relief Defendants. : | |
| : | |

## JOINT REPORT ON RULE 26(f) CONFERENCE

The parties[1] jointly submit the following report with respect to the matters set out in the Court's Order Governing Proceedings [Dkt. No. 33].

**(1)   A brief factual and legal synopsis of the case.**

The Securities and Exchange Commission ("SEC") alleges Defendants Thurman P. Bryant, III ("Bryant") and Bryant United Capital Funding, Inc. ("BUCF") (collectively, "Defendants") made material representations to investors as to investment risks, the use of invested funds, and the source of investment returns. Specifically, the SEC alleges Defendants represented that investors would receive guaranteed returns of 30% per year or more; Defendants would deposit the invested funds into a secure escrow account; and Defendants would invest the funds in a short-term mortgage program. The SEC alleges the Defendants knew that these representations were false. The SEC alleges money was not invested in a short-term mortgage

---

[1] Relief Defendant Carlos Goodspeed a/k/a Sean Phillips d/b/a Top Agent Entertainment d/b/a Mr. Top Agent Entertainment ("Goodspeed") was validly served with process on May 19, 2017. *See* Returned Summons [Dkt. No. 28]. Goodspeed has not answered or otherwise responded to the Complaint. Goodspeed did not participate in the parties' Rule 26(f) conference.

program; there were no escrow accounts; and the returns from the investments were rarely, if ever, achieved. The SEC alleges this conduct violated Section 17(a) of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.

Defendant Bryant and Relief Defendants Arthur F. Wammel ("Wammel"), Wammel Group LLC ("Wammel Group") and Thurman P. Bryant, Jr. ("Bryant Jr.") have filed their respective answers and responded to the SEC's allegations as set forth therein. Generally, Wammel and the Wammel Group deny the Commission's allegations as to them and deny knowledge of wrongdoing by Bryant and BUCF.

**(2) State the jurisdictional basis for this suit.**

Defendants offered and sold investment contracts, which are securities under Section 2(a)(1) of the Securities Act [15 U.S.C. § 77b(a)(1)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)].

The Commission brings this action under Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Commission seeks the imposition of civil penalties pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. §§ 78u(d)].

This Court has jurisdiction over this action under Sections 20(b) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21 and 27 of the Exchange Act [15 U.S.C. §§ 78u and 78aa] because Defendants directly or indirectly made use of the means or instrumentalities of commerce and/or the mails in connection with the transactions described herein.

Venue is proper under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa], because certain of Defendants' acts, practices, transactions, and courses of business alleged herein occurred within this judicial district.

**(3) Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**
The SEC served its Initial Disclosures on July 17, 2017. Relief Defendants Wammel and the Wammel Group served their Initial Disclosures on July 19, 2017.

**(4) Proposed scheduling order deadlines. Appendix 1 has standard deadlines. Explain any major deviations from standard schedule. Now is the time to inform the Court of any special complexities or need for more time before the trial setting. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

The parties have agreed on a discovery/case management plan. Please see attached Proposed Scheduling Order, which reflects the parties' agreed plan.

**(5) Unless otherwise approved by the Court, this case shall be mediated. If the parties agree on a mediator, they shall so notify the Court of the name, address, and telephone number of the attorney-mediator; otherwise, the Court will select the mediator. An early mediation date is encouraged to reduce expenses.**

The parties agree to provide a list of agreed mediators to the Court in advance of the agreed mediation date.

**(6) The identity of persons expected to be deposed.**

The SEC expects to notice Bryant, Wammel, Goodspeed, Joe Mackey, and Brandi Bryant for depositions. The SEC reserves the right to notice additional depositions as appropriate during the course of discovery.

Wammel and the Wammel Group expect to notice Bryant, BUCF, and possibly certain investors. Wammel and the Wammel Group reserve the right to notice additional depositions during discovery.

The parties may identify additional persons they expect to depose and agree upon an appropriate schedule for such depositions during discovery.

**(7) Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

None at this time.

**(8) Any issues relating to preserving discoverable information, including electronically stored information.**

The parties discussed the required preservation of all discoverable information, including electronically stored information. Defendant Bryant and counsel for Relief Defendants Wammel and Wammel Group affirmed their intent to preserve all discoverable information; in particular, all electronic devices containing discoverable information.

**(9) Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).**

Not applicable.

**(10) Estimated trial time.**

The parties estimate that trial, if necessary, would take one week.

**(11) The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Jason Reinsch and Timothy Evans for Plaintiff, U. S. Securities and Exchange Commission;

Defendant Thurman P. Bryant, III, *pro se*;

Tim Hudson and Mackenzie Wallace for Jennifer Ecklund, Court-appointed receiver for Defendant Bryant United Capital Funding, Inc.;

Toby Galloway and James Ardoin for Relief Defendants Arthur F. Wammel and Wammel Group, LLC; and

Relief Defendant Thurman P. Bryant, Jr., *pro se*.

**(12) United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.**[2]

While the parties have given serious consideration to this option, they believe that the District Court, having already spent a significant amount of time on this case, is in the best position to efficiently hear the case.

**(13) Any other matters counsel deem appropriate for inclusion in the joint conference report.**

None

Dated: July 20, 2017 	 Respectfully submitted,

/s/ *Jason P. Reinsch*
JASON P. REINSCH
Texas Bar No. 24040120
JESSICA B. MAGEE
Texas Bar No. 24037757
TIMOTHY L. EVANS
Texas Bar No.  24065211

---

[2] The Court urges parties to give this option serious consideration. Parties consenting should file the appropriate form as soon as possible. See Local Rules for the Eastern District of Texas, Local Rule CV-72, and instructions on the Court's Website at www.txed.uscourts.gov.

United States Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Telephone: (817) 900-2601 (JPR)
Fax: (817) 978-4927
*reinschj@sec.gov*
*mageej@sec.gov*

ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE
COMMISSION


*/s/ Thurman P. Bryant, III*
THURMAN P. (TREY) BRYANT, III
1535 Sun Mountain
San Antonio, Texas 78258
Telephone: (281) 299-5311
*Treybryant03@gmail.com*

DEFENDANT, *PRO SE*


*/s/ Timothy E. Hudson*
Timothy E. Hudson
Texas State Bar No. 24046120
(*Lead Attorney*)
**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214-969-1700
Facsimile: 214-969-1751
*Tim.Hudson@tklaw.com*

ATTORNEYS FOR JENNIFER ECKLUND,
COURT-APPOINTED RECEIVER FOR
DEFENDANT BRYANT UNITED CAPITAL
FUNDING, INC.


*/s/ Toby M. Galloway*
TOBY M. GALLOWAY
State Bar No. 00790733
**KELLY, HART & HALLMAN, LLP**
201 Main Street, Suite 2500
Fort Worth, TX 76102

        Phone: (817) 332-2500
        Fax: (817) 878-9280
        Email: toby.galloway@kellyhart.com

        */s/ James Ardoin*
        JAMES ARDOIN
        State Bar No. 24045420
        **ARDOINLAW, PLLC**
        2118 Smith St., Suite 200
        Houston, TX 77002
        Phone: (713) 574-8900
        Fax: (713) 574-1404
        Email: jimmy@ardoinlawpllc.com

        ATTORNEYS FOR RELIEF DEFENDANTS
        ARTHUR F. WAMMEL AND WAMMEL
        GROUP LLC

        */s/ Thurman P. Bryant, Jr.*
        THURMAN P. BRYANT, JR.
        2 Dogwood Ln.
        Hilltop Lakes
        Leon, Texas 77871
        (936) 245-2322
        *Sonny_103@hotmail.com*

        RELIEF DEFENDANT, *PRO SE*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on July 20, 2017, I electronically filed the foregoing *Joint Report of Rule 26(f) Conference* with the Clerk of Court for the Eastern District of Texas, Sherman Division using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

        /s/ *Jason P. Reinsch*
        Jason P. Reinsch