# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>v.<br><br>THURMAN P. BRYANT III, BRYANT UNITED CAPITAL FUNDING, INC., ARTHUR F. WAMMEL, WAMMEL GROUP, LLC, THURMAN P. BRYANT JR., and CARLOS GOODSPEED | § § § § § § § § § § § § § Civil Action No. 4:17-CV-00336<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Brandi Bryant's Motion for Order pursuant to Customer Challenge Provision of the Right to Financial Prviacy Act of 1978 (Dkt. #184) and Motion to Quash Subpoena, or in the Alternative, for a Protective Order (Dkt. #185). The Court finds that both motions should be denied.

### BACKGROUND

On May 15, 2017, the Securities and Exchange Commission ("SEC") filed a complaint against Defendants alleging securities fraud in connection with a series of interrelated Ponzi schemes (Dkt. #1). On May 15, 2017, the Court entered an order appointing a receiver over Bryant and Bryant Capital ("Receivership Order") (Dkt. #17). The Receivership Order gave Receiver exclusive jurisdiction to marshal, conserve, hold, and operate all of the Defendants' assets. Also on May 15, 2017, the Court entered an temporary restraining order enjoining the Bryant Defendants from violating the antifraud provisions of the federal securities laws and freezing their assets ("Asset Freeze Order") (Dtk. #16).

On January 26, 2018, the SEC filed its First Amended Complaint naming Carlos Goodspeed ("Goodspeed") as a primary defendant (Dkt. #154). The SEC recently obtained bank records for a bank account held by Goodspeed at Bank of America, N.A. Those records indicate that well after the Court issued its Asset Freeze Order and Receivership Order, Goodspeed made multiple wire transfers to a Capital One Account held in the name of Brandi Bryant ("Mrs. Bryant").

On April 4, 2018, the SEC served Capital One with a subpoena (the "Subpoena"), which sought, among other documents, account opening records, account statements, checks and deposits, wire transfer details, and signature cards for the Capital One Account. On April 9, 2018, Mrs. Bryant filed a motion for an order pursuant to Customer Challenge Provision of the Right to Financial Prviacy Act of 1978 ("RFPA") (Dkt. #184). On April 11, 2018, Mrs. Bryant filed a motion to quash (Dkt. #185). On April 11, 2018, the SEC filed a response in opposition to Mrs. Bryant's RFPA motion (Dkt. #186).

**ANALYSIS**

Under the RFPA, the Court must deny a customer challenge to a subpoena issued pursuant to the RFPA if the Government establishes the relevance of the validly subpoenaed documents to a legitimate law enforcement inquiry. 12 U.S.C. 3410(c). *See Sandsend Financial Consultants, Ltd v. Federal Home Loan Bank Board*, 878 F.2d 875, 877 (5th Cir. 1989) ("Upon finding that there is a demonstrable reason to believe that the agency is conducting a legitimate law enforcement inquiry and that the records sought are relevant to that inquiry, the court 'shall deny the motion to quash.'") (quoting 12 U.S.C. 3410(c) (emphasis in original)).

The Court finds that the SEC has demonstrated that its investigation is a legitimate law enforcement inquiry and the subpoenaed records are relevant to the SEC's investigation. It is therefore **ORDERED** that Brandi Bryant's motion to quash is **DENIED**.

**SIGNED this 18th day of April, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE